## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Leeanna Cañuelas, being duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I am a Special Agent with the Drug Enforcement Administration ("DEA"), and have been since 2015. My experience as a Special Agent has included, among other things, the investigation of cases involving offenses enumerated in Title 18, *United States Code*, Section 2516. During my career as a law enforcement officer, I have participated in numerous investigations of crimes, including unlawful drug trafficking. I have also conducted or participated in surveillance, the execution of search warrants, debriefings of informants, reviews of taped conversations and drug records, and have participated in investigations that included the interception of wire communications. Through my training, education, and experience, I have become familiar with the manner in which illegal drugs are transported, stored, and distributed, the methods of payment for such drugs, and the lingo and coded language used by narcotics traffickers. I have not included every detail of every aspect of my training, education, and experience but have highlighted those areas most relevant to this application.

2. I am fully familiar with the facts set forth herein based on my own investigation, my conversations with other law enforcement officers, and my review of reports, documents, and items of evidence. Where statements of others are related herein, they are related in substance and part. Because this Complaint is being submitted for the sole purpose of establishing probable cause to support the issuance of a complaint, I have not set forth each and every fact that I know concerning this investigation. Where I assert that an event took place on a particular date, I am asserting that it took place on or about the date alleged.

## **PROBABLE CAUSE**

3.     In or around October 2021, a DEA undercover officer began communicating with Riquelvin De Leon-Soliber and George Martin Perez-Olaverria regarding the coordination of the movement of a multi-hundred kilogram quantity of cocaine. Between October 2021 and February 2022, the undercover officer met with De Leon-Soliber and Perez-Olaverria on at least three occasions in Puerto Rico, and had numerous electronic communications to coordinate the upcoming movement of cocaine. Specifically, they agreed that the undercover officer would pick up and transport approximately 300 kilograms of cocaine on their behalf, and deliver them to De Leon-Soliber and Perez-Olaverria for an agreed upon fee. During one meeting in particular, De Leon-Soliber paid the undercover officer approximately $5,000 in United States currency up-front.[1]

4.     On February 8, 2022, De Leon-Soliber and Perez-Olaverria, coordinated for the undercover officer to receive approximately 300 kilograms of suspected cocaine from a location outside of Puerto Rico.[2] The undercover officer received the drugs and transported them to a location in Puerto Rico. On this same date, De Leon-Soliber and Perez-Olaverria agreed to meet the undercover officer at a predetermined location in Puerto Rico to discuss the transfer of the cocaine. When De Leon-Soliber and Perez-Olaverria arrived, the undercover officer showed them the inside of a vehicle containing multiple bags with brick-shaped packages[3] exposed and easily visible. At this time, De Leon-Soliber and Perez-Olaverria agreed to take possession of the vehicle containing the bricks. After a count was to be conducted De Leon-Soliber and Perez-Olaverria agreed to pay the undercover officer at a later time for the transaction with kilograms of cocaine.

---

[1] This United States currency was subsequently seized by the DEA.
[2] A field test of a sample of the kilograms tested positive for cocaine. An official count and weight is forthcoming.
[3] The brick-shaped packages were consistent in shape and size of packages used to transport and distribute cocaine.

Perez-Olaverria took possession of the keys to the vehicle containing the brick-shaped packages. Shortly after, law enforcement officers arrested De Leon-Soliber and Perez-Olaverria.[4]

5. Based on the above facts, there is probable cause to believe that De Leon-Soliber and Perez-Olaverria did knowingly and intentionally conspire to distribute and possess with intent to distribute five kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, *United States Code*, Sections 841(a)(1), (b)(1)(A), and 846, and Importation of Controlled Substances, in violation of Title 21 *United States Code*, Section 952.

_____
Leeanna Cañuelas, Special Agent
Drug Enforcement Administration

Subscribed and sworn before me pursuant to FRCP 4.1 at 4:15 pm by telephone, this 9th day of February of 2022.

Digitally signed by Hon. Camille L. Vélez-Rivé

_____
UNITED STATES MAGISTRATE JUDGE
DISTRICT OF PUERTO RICO

---

[4] A law enforcement database review revealed no known criminal history pertaining to De Leon-Soliber and Perez-Olaverria. However, both De Leon-Soliber Perez-Olaverria admitted to being in the United States illegally.